Filed 3/23/16  P. v. Mortimer CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PETER FREIDERICH MORTIMER,<br><br>  Defendant and Appellant. | H037530<br>(Santa Clara County<br> Super. Ct. No. 190802) |

This case is before us after being returned from the Supreme Court with orders to vacate our decision in *People v. Mortimer* (2013) 215 Cal.App.4th 860, affirming the order committing the defendant for an additional year, and to reconsider the cause in light of *People v. Blackburn* (2015) 61 Cal.4th 1113 (*Blackburn*) and *People v. Tran* (2015) 61 Cal.4th 1160 (*Tran*).  After the Supreme Court returned the case to this court, appellant Peter Freiderich Mortimer filed a supplemental brief asking that this court reverse the commitment order outright and order appellant released, instead of remanding the matter for further proceedings at the trial court.  Respondent has not filed a supplemental response brief.  Pursuant to *Blackburn,* and *Tran,* we decline to reverse the order of commitment and immediately release appellant, but will remand the matter to the trial court for further proceedings to determine whether appellant knowingly waived his right to jury trial or whether there was sufficient evidence to support the finding that appellant lacked the capacity to personally waive this right.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, appellant was found not guilty by reason of insanity (NGI) of assault with a deadly weapon, battery on a peace officer, and resisting arrest. (Pen. Code, §§ 148, subd. (a), 242, 243, subd. (b), 245, subd. (a)(1).) The trial court committed him to the Department of Mental Health (Department) for treatment at Napa State Hospital (Pen. Code, § 1026.5, subd. (a).)[1] The trial court had extended his commitment multiple times, when on May 18, 2011, the Santa Clara County District Attorney filed a petition to extend it again. (Pen. Code, § 1026.5, subd. (b).) Prior to trial, defense counsel advised the court that appellant wanted a bench trial. On October 20, 2011, after a bench trial, the court sustained the petition and extended appellant's commitment to December 5, 2013. Appellant filed an appeal in this court, arguing that the trial court violated his constitutional and statutory rights by failing to advise him of his right to a jury trial, and conducting a bench trial without obtaining his express, personal waiver. This court, in a published decision, affirmed the order, holding that the statutory scheme does not require a personal jury waiver. Rather, we concluded that counsel could waive a jury trial at a client's direction, with his or her consent, or on behalf of a client who is not sufficiently competent to do so. The Supreme granted review and held the case pending resolution of *Blackburn* and *Tran*. The Supreme Court has now returned the case to this court with directions to reconsider the cause in light of those two cases.

## DISCUSSION

In *Blackburn*, the California Supreme Court, granted review of a case from this Court where appellant was ordered recommitted under the Mentally Disturbed Offender statutory scheme (Pen. Code, §§ 2960 et seq), but where counsel waived the statutory right to jury trial on behalf of the appellant. In reviewing the nature of this statutory

---

[1] For a full recitation of the facts, please see this court's opinion in *People v. Mortimer.* (H037530, filed Apr. 25, 2013, previously published at (2013) 215 Cal.App.4th 860, review granted and ordered depublished Aug. 13, 2013.)

2

right, the court concluded that the decision to waive the right to a jury trial "belongs to the defendant in the first instance." (*Blackburn, supra,* 61 Cal.4th at 1127.) The Court found that a trial court must elicit a "waiver decision from the defendant in a court proceeding *unless* it finds substantial evidence of incompetence, in which case counsel controls the waiver decision." (*Id.* at p. 1131.) The court went on to hold that "A trial court's acceptance of counsel's waiver without an *explicit* finding of substantial evidence that the defendant lacked the capacity to make a knowing and voluntary waiver," may only be deemed harmless where "the record *affirmatively* shows that there was substantial evidence that the defendant lacked that capacity at the time of counsel's waiver." (*Id.* at p. 1136, emphasis added.) Similarly, the court held that, "a trial court's failure to properly advise an MDO defendant of the right to a jury trial does not by itself warrant automatic reversal. Instead, a trial court's acceptance of a defendant's personal waiver without an express advisement may be deemed harmless if the record affirmatively shows, based on the totality of the circumstances, that the defendant's waiver was knowing and voluntary. [Citations.] In both scenarios, the requirement of an *affirmative* showing means that no valid waiver may be presumed from a silent record. [Citation.]" (*Id.* at pp. 1136-1137.) In so holding, the court rejected the rule previously set forth that counsel controls the decision to waive a jury trial in an MDO commitment proceeding. (*Id.* at p. 1137.)

Because the record in *Blackburn* was silent regarding whether Blackburn knowingly and voluntarily waived his right to a jury trial, the court declined to infer from the circumstances that it was knowing or voluntary. (*Blackburn, supra,* 61 Cal.4th at p. 1130.) Instead, the court remanded the case to the Court of Appeal "with directions to remand to the trial court so that the district attorney may submit evidence, if any, that Blackburn personally made a knowing and voluntary waiver or that he lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver." The court held that "If the trial court finds by a preponderance of the evidence that Blackburn

3

made a knowing and voluntary waiver, or if it finds substantial evidence that he lacked that capacity at the time of counsel's waiver, then the court shall reinstate the extension order." (*Id.* at p. 1137.) In *Tran*, the Court extended its reasoning in *Blackburn* to the nearly identical statutory scheme for extending the involuntary commitment of a person originally committed after pleading not guilty by reason of insanity (NGI) to a criminal offense. (*Tran, supra,* 61 Cal.4th at p. 1163.)

The Supreme Court has returned this case to us with directions to reconsider it in light of the decisions in *Blackburn* and *Tran*. As was the case in *Tran*, we previously held in the instant case that counsel properly waived the right to jury trial on appellant's behalf. In both of those cases, the Supreme Court directed us to remand the matters to the trial court "to find by a preponderance of the evidence that the appellant made a knowing and voluntary waiver," or if it found "substantial evidence that [he] lacked that capacity at the time of counsel's waiver," then the trial court was directed to reinstate the extension order." (*Blackburn, supra,* 61 Cal.4th at p. 1137.) When the instant matter was returned to this Court, appellant filed a supplemental brief arguing that returning this case to the trial court, in this instance, would be a waste of judicial resources. In his supplemental brief, the appellant urges us to reverse the commitment order outright, without remanding the case to the trial court for the findings specified in *Tran* and *Blackburn*.

Appellant contends that under *Tran* and *Blackburn* reversal of the commitment order is automatic, without need to remand to the trial court for factual findings, *unless* two exceptions apply: 1) there is ambiguity regarding the advisement and exercise of the right to jury trial, *and* 2) the record is silent as to whether the defendant lacked capacity to make a waiver. Here, appellant argues, there is clear evidence that appellant was *not* advised of his right to jury trial. In fact, according to appellant, the Attorney General conceded in the original appeal that appellant was not advised of his right to jury trial. Further, appellant claims that instead of being silent, the record is replete with evidence

4

that he did not lack the capacity to make the waiver. Appellant claims that several facts support this conclusion: first, that he attended the entire trial, without interrupting or disrupting the proceedings; second, that his records from Napa State Hospital support the conclusion that he had sufficient mental capacity to make a proper waiver. He contends that this case differs from both *Tran* and *Blackburn* in that the record is not silent on the lack of advisement, the lack of a knowing and voluntary waiver, or his mental capacity. In effect, appellant asks us to find that he was not advised of his right to jury trial, and neither made a proper waiver, nor lacked the capacity to do so.

By asking this court to make factual findings in the place of the trial court, appellant misconstrues the directives of the Supreme Court. Although the Supreme Court could have dissected the record to evaluate both the question of the waiver and capacity, it expressly declined to do so. Instead, it remanded the case to the Court of Appeal "with directions to remand to the trial court so that the district attorney may submit evidence, if any, that [appellant] personally made a knowing and voluntary waiver or that he lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver." (*Blackburn,* supra. 61 Cal.4th at p. 1137.) Even if the evidence were clear here, that the trial court failed to advise the appellant of his right to jury trial, the Supreme Court anticipated allowing the district attorney an opportunity to submit further evidence regarding waiver and capacity, and directed us to remand the matters to the trial court so that the trial court and not this court could make the necessary findings by a preponderance of the evidence and either reinstate the order, or vacate it based on its factual findings. (*Id.* at p. 1137.) Given this express directive by the Supreme Court to allow further proceedings in the trial court, we cannot make the findings that appellant requests in order to reverse the commitment order outright.

## DISPOSITION

5

The order of recommitment is reversed.  The matter is remanded to the trial court for further proceedings consistent with *Blackburn, supra,* 61 Cal.4th 1113 and *Tran, supra,* 61 Cal.4th 1160.

_____

                                RUSHING, P.J.

WE CONCUR:

_____

           PREMO, J.

_____

           ELIA, J.

*People v. Mortimer*
**H037530**

7